## J. G. SMITHSON v. WM. INMAN.

1. SALE OF LAND RESCINDED. *Purchaser's right to compensation for improvements.* Smithson purchased land of Inman, with bond for title, to be paid for in four annual installments, and was put in possession, but was to hold at a rent of $300 per annum upon failure to pay the purchase notes, Inman reserving the. right to occupy certain rooms for the four years. Inman and Smithson, for their mutual convenience, erected valuable improvements thereon. The contract was rescinded upon Smithson's failure to pay for the land.

*Held*, Smithson was entitled to the value of such improvements. Cases cited: Alston v. Boyd, 6 Hum., 505; 2 Hum., 174; 4 Hum., 362; 6 Hum., 324; Humphrey v. Holtsinger, 3 Sneed, 229.

2. IMPROVEMENTS. *Value of. How estimated.* In such case the value of the improvements is to be measured, by the actual enhanced value of the land, at the time defendant re-took possession.

FROM GILES.

Appeal from the Chancery Court. W. S. FLEMING, Chancellor.

NOBLE SMITHSON and WHITSON & LESTER for Smithson.

THOMAS M. JONES for Inman.

By the Court.

Inman sold Smithson a tract of land in Giles County, and took his notes, payable in four annual installments, in cotton, with a stipulation that if the land was not paid for, and the contract rescinded, Inman was to have rent at $300 a year. Inman

executed to Smithson a bond for title, reserving the use for four years of certain rooms in the dwelling-house, and an out-house for a shop for his son. Smithson went into possession, and at the instance of Inman, to avoid any trouble from two families being in the same house, for their mutual convenience, they put up another house, and other improvements, Inman furnishing the logs and shingles, and Smithson doing the hauling and putting up the houses, etc.

Before the expiration of the four years the contract of sale was rescinded, and Inman sued Smithson in the Circuit Court of Giles County on an account, one item of which was $300 for rent for 1865. Smithson filed his bill of interpleader, stating that the land was sued for by other parties, who claimed a superior title to Inman, and if they recovered he might have to pay the rent to them. He also claimed compensation for the permanent improvements made on the land by his labor, as a deduction from the rent.

The Chancellor decreed "that complainant is not entitled to any compensation for the improvements which he put upon the lands mentioned in the pleadings, the same having been put upon said land while the complainant had the equitable title to said land, and said improvements were erected by an agreement between complainant and defendant, and for their mutual convenience." From this decree Smithson has appealed.

It was determined in the case of *Alston* v. *Boyd*,

6 Hum., 505, where a sale was set aside on account of the insanity of the vendor, that the vendee should be "allowed a reasonable compensation for such improvements as enhanced the permanent value of the land." In 2 Hum., 174, where a man was put in possession of land by the owner, under a promise to convey to him, a like decision was made. So also in 4 Hum., 362, and 6 Hum., 324, upon a verbal sale which the owner refuses to complete. It was said by the Court in *Humphreys* v. *Holtsinger*, 3 Sneed, 229, that "In all such cases, if improvements are made under an expectation on the part of the vendee, '*thus in*' by contract and consent, that a title would be made to him, a Court of Equity will actively interfere, and give relief by allowing him to the extent that such improvements have enhanced the value of the land, deducting rents and profits, and will give a lien upon the land for the same."

In that case, Humphreys had purchased of Holtsinger a house and lot, for which he executed his note at twelve months, and took a bond to make title on payment of the note, with this stipulation: "If the contract is not met in twelve months after it is due, the same is subject to be revoked at the will of said Holtsinger." Humphreys remained in possession two years, when, having made permanent improvements in the meantime, but having paid only a portion of the purchase money, Holtsinger re-took the possession; whereupon Humphreys filed his bill for an account of the improvements and payments.

J. G. Smithson *v.* Wm. Inman.

This Court held that he was entitled to recover for the improvements to the extent of their enhancement of the value of the land.

We are of opinion that upon the authority of these cases, the Chancellor erred in holding that complainant was not entitled to compensation for the value of permanent improvements placed upon the lands. Neither the fact that he was the equitable owner of the land at the time, nor that the improvements were made by agreement of the defendant, for their mutual benefit and convenience, could defeat his claim. He was in possession lawfully and by contract, and expected to be able to pay for the land and get title, but failing to pay, and the contract being rescinded, the defendant gets the land back, with the value enhanced by the improvements, and should, in equity and good conscience, pay for them to the extent of such enhancement. The amount of this enhancement must be ascertained by proof. The value of the labor expended in making the improvements, and of the material used therein, would not furnish the measure for ascertaining the value of the improvements, but the proof should show the actual permanent enhanced value of the land at the time the defendant re-took possession.

The decree as to this matter is reversed, and in all other respects is affirmed, and the cause remanded for further proceedings in accordance with this opinion. The costs of this Court will be paid one-half by complainant, and the residue by defendant.